R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY 08 2019

FILED_____
DOCKETED_____
DATE          INITIAL

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY 08 2019

FILED_____
DOCKETED_____
DATE          INITIAL

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Kent Williams
Appellant(s),

vs.

Landon Fox, Guard
Appellee(s).

9th Cir. Case No. 19-35281

District Court or
BAP Case No. 1:16-cv-00143 -DCN

## APPELLANT'S INFORMAL OPENING BRIEF

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1.  Timeliness of Appeal:

    a.  What is the date of the judgment or order that you want this court to review? September 28, 2018 and March 26, 2019

    b.  Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: NO

        • If you did, on what date did you file the motion? N/A

        • For prisoners or detainees, what date did you give the motion to prison authorities for mailing? N/A

        • What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? N/A

    c.  What date did you file your notice of appeal? March 28, 2019

        • For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? March 28, 2019

**FACTS.** Include all facts that the court needs to know to decide your case.

2.    What are the facts of your case?

     see attatched

**PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.** In this section, we ask you about what happened before you filed your notice of appeal with this court.

3.    What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief? Compensitory and punitive damages

4.    What legal claim or claims did you raise in the district court or at the BAP?
      See attatched

5.    **Exhaustion of Administrative Remedies.** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why.
      Yes

**PROCEEDINGS BEFORE THE COURT OF APPEALS.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6.   What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong?

   See attatched

7.   Did you present all issues listed in Question 6 to the district court or the BAP? Answer yes or no: _____ Yes _____

   If not, why not?

8.   What law supports these issues on appeal? (You may refer to cases and
     statutes, but you are not required to do so.)

See attatched

9.   **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

Williams v Guard Brooks, et al
    18-35587
    DC No. 1:17-cv-00223-DCN

10.  **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

I do not believe so

Kent Williams
Name

ISCC Po Box 70010

Box, Idaho 83707

Address

Kent Will
Signature

April 26, 2019
Date

I. ISSUES.

The Court Errored when it denied Plaintiffs' motion for Partial summary Judgement, and Granted Defendants' motion for summary Judgement, resulting in Plaintiffs' suit being dismissed in Defendants' favor;

The courts' analysis of the motions omitted evidentiary facts favoring Plaintiff; gave unreasonable inferences of evidence to favor Defendant; acted as trier of fact when it was the role for the demanded Jury; misapplied relevant law to the facts and failed to recognise clearly established law demanding that the court rule in Plaintiffs' favor

Please review (DKT 43, Amended complaint; 96, Plaintiffs'-Williams-motion for Partial summary Judgement; 107, Defendants'-Fox-summary Judgement) and the responses, including initial motions. 96 and 107 were Renewed motions (DKT 84, 98, 101, 109, 110, 111 and 112). Orders being appealed (DKT 115, 121).

II Summary of complaint and facts.

Williams complaint alleges, that while a pre-trial detainee in the Ada county Jail (ACJ), guard fox violated his first amendment right to petition and access the courts when he refused to accept, file and process Two grievances because he deemed them to contain disrespectful language. Besides rejecting and "Trashing" the Two grievances because of perceived impolite language, fox also threatened

ATTACHMENT - 1

Williams versally and in writing with a major infraction if he files any more grievances containing language he may deem offensive to him or any staff.

### Specific Facts AND Allegations

On January 11, 2016 while housed in a Keep lock unit (for using disrespectful language in a January 8th written grievance) Williams slid a grievance through his cell door to be filed. As is the proper method.

The grievance was grieving a guard who earlier that day had refused to file a grievance because he deemed it to contain disrespectful language. Fox came by, read it and returned it through the cell door, telling Williams to remove the disrespectful language or he will not file it. He also threatened to infract Williams if he submits any more grievances with "disrespectful language."

Williams told Fox it is a proper and lawful grievance and he will not edit it, and resubmitted it by sliding out from under the solid cell door. Fox said it can sit until he picks up trash. (Williams could not retrieve it, nor did he want to, he wanted it filed).

Approximately 15 minutes later, Williams had placed another grievance out through his door (side crack, via bottom is also standard procedure) grieving Fox's actions and threat of 15 minutes earlier.

Unfortunately, Fox also did the next "Welfare check". He grabbed the grievance, read it and tossed it into the air and it landed in proximity to the other one discarded by Fox. Fox again threatened Williams with discipline over what he perceived to be disrespectful language. (DKT 62-2, p. 2, No. 9) (Fox's declaration) "... And disrespectful language at jail staff." Later, Fox picked up the discarded grievances and trashed them as promised. Fox does not

ATTATCHMENT-2

dispute and no record of them exists[1]

The next day (12ᵗʰ) when Fox was not working (2ⁿᵈ shift), Williams gave grievance 8843 (Appx A ) to another guard to file (Fox was not going to burn Williams a 3ʳᵈ time). He did his job and filed it. For some reason Fox actually answered (and "investigated") his own complaint against him.

Williams believes that Fox's written answer to 8843 is a perse threat that would chill a person of ordinary firmness from filing future grievances. Williams also submitted evidence to bolster his claim that the discipline Fox was referencing was for use of disrespectful language (Appx B. Infraction 201600153)

Either way it is a threat for future protected activity. And if its believed, Fox was "just" threatening for future grievances fox deems meritless, that presents the same legal infirmities as a threat for objective language.

---

[1] (DKT 121, note 2) Incredibly, the court actually blamed Williams that "his" evidence does not exist. It is Fox's unlawful and jail policy violative actions that caused the grievances not to exist (Hence the suit!). Strangly, the court ignores the circumstances of the missing 2ⁿᵈ grievance and avoids assigning blame to Fox again. The second one is even tougher to blame on anyone but Fox (see DKT 98-1, p. 5, no. 22). The court fails to comment on that, and Williams very clearly articulated that situation in the motions. Blamming Williams is a very curious take indeed by the court. (see also Fox's decl. 62·2 p. 3, no. 14).

ATTATCHMENT-3

As this court will review all of the relevant pleadings, williams will be brief and simply point out the factual errors and omissions of the court, and his legal disagreements. (see pleadings for most record cites).

III.                  ERRORS AND ARGUMENT

At (DKT 98-1)(p.2) fox states that the key issue for the court to decide is whether the forms submitted on January 11, 2016 contained petitions for redress, or just inappropriate and insulting statements. Legally that is not correct. And if it was, then that factual dispute was for a jury to decide, not the district court.

There are multiple issues: since It is a fundamental right to file grievances, can It be said fox filed grievances there are no record of after he took possession of? The fact we cant determine what they grieved, is that not evidence fox violated williams right to petition? Is merit not what is to be decided after a grievance is filed, not before? Does logic or Jail policy define fox's actions as filing williams grievance forms? Does Jail policy indicate that fox had the authority to refuse to file the grievances for any reason, even his opinion of merit?

Was the sole OR a motivating factor (see Brodheim) in fox's decision to trash the grievances perceived protected speech - disrespectful language? And did fox threaten williams for protected activity and would that chill a person of ordinary firmness?

of course fox did not allow williams to have his petitions heard.
ATTATCHMENT-4

As far as was the disrespectful language a motivating factor? Almost a dozen times fox testified that was a reason he rejected the grievances and threatened williams (DKT 62-2, p.2, No. 9) "... And disrespectful language ..." Many more "And" "disrespectful language" cites are in pleadings. (see Appx C. fox's interrogatories)

fox testified (DKT 98-1, p.3, NO. 5) that part of his duties when he picked up williams grievances was to determine the proper course of action. NO it is not. Per Jail grievance policy SOP 4.5 (Appx D) his options and course of action upon taking possession is not discretionary. It is not at that point to determine merit and resolve there (by trashing) It is to file it. Period. And the court simply refused to cite any fact-evidence not favorable to fox. It only cited the evidence arguably favorable to fox.

Fox over simplifies and mistates the issues

If the only evidence was fox's own testimony, williams is entitled to Judgement as a matter of law. The disputed evidence, if only that existed, would entitle williams to a Jury trial.

Plaintiff's motion for Partial summary Judgement
Fox's defense is that he unilaterally deemed the grievances to lack merit (he also testified that use of disrespectful language renders any grievance frivolous) so he trashed them. His defense is silly. And forfeited when he trashed them and failed to make a record of them. Spoilation can not be a defense.
A glaring omition in (DKT 115) is the omitted evidence the

ATTATCHMENT- 5

court failed to acknowledge. It was proven fox did violate williams' right to petition and exercise free speech. The only possible disputed issue is would the threats chill a person of ordinary firmness.

Defendants motion for summary Judgement (DKT 121) is extremely problematic. It ignores facts, makes untenable factual conclusions, considers defenses lacking legal basis, make an evidentiary rule error (Hearsay. And prejudicial), misapplies applicable law to facts - correct and incorrect facts - and disagrees with the 9th circuit court of appeal holding in Bradly v Hall. The court believes prison policies prohibiting disrespectful language in written grievances are constitutional and believes this court is simply wrong and it will not respect it. (The courts conclusion was conclusory. It did not reach its opinion using the Turner test. Ignoring one crucial finding in Bradly. "Simple alternatives that ~~would~~ both accomodate the prisoner's right to petition and prevent open expression of disrespect exist. The "disrespected" guard need not see the written grievance.)

Respectfully, but necessarily said, the courts factual findings and inferences were irrational. The court omitted crucial evidence in williams favor and then took on role of Jurror. The evidence simply and un-equivocally does not indicate that the two missing grievances were frivolous. It indicates the exact oppsite. The court erroneously believes if the grievances were frivolous fox must prevail, so it skewed the evidence to make it so. Unlike (DKT 115) where the court said there were disputed material issues, in (DKT 121)

ATTATCHMENT-6

those disputes disappeared.

(DKT 121, pp. 2-4). Except for the courts take on grievance 8822, the rest is arguably correct. Later the courts interpretation of the evidence becomes untenable and does the job of jury to support its legally flawed argument.

The courts factual conclusions on (page 10) is where this court is asked to step in and rule its clearly erroneous.

Please note. fox does not claim that williams' January 11 grievances were grieving the January 6 incident and that 8822 is evidence of that claim. fox claims the January 11 grievances had either NO subject matter or the disrespectful language rendered them frivolous. The court is making factual claims that is contrary to fox's testimony and his own defense.

When (page 10) the court says it appears williams was filing frivolous grievances, besides contrary to the evidence, Even had williams

It is possible, but williams does not see where either party introduced grievance 8822 (App'x E) which would be curious. In (DKT 84, p.12) williams did introduce 3 infractions to support his retaliation-threat claims, one of which is 20160 0153, Id. 8822 is the appeal of that infraction. As this court will see the district courts interpretation of 8822 is clearly illogical. It may have made a mistake it is not aware of.

ATTACHMENT - 7

before January 11 filed (he did not!) a grievance deemed by staff (assumedly) to be frivolous, that is not evidence any there after were.

Williams testified to what each grievance grieved. fox admits he left the grievances on the tier and threatened williams and later trashed them[3]. williams filed contemporaneous grievance 8843 stating what each grievance grieved. fox was asked (Inter. Nos. 8-9) if each grievance was grieving what williams claims. fox can not and did not deny that they did grieve what williams swears to! fox can only remember the disrespectful language.

Fox admits to refusing to accept the first grievance, etc. He admits to toss trashing, etc, the second. Logic would didate the second grievance was grieving fox's admittedly unlawful and policy violative actions of 15 minutes earlier. facts and logic belie the courts conclusion. As does fox himself.

---

③ Through discovery (DKT 77-3) it was learned fox's actions were video recorded. when sued, fox denied "Tossing" the grievance into the air, but does not deny it when he and his superior responded to 8843, when the recording still existed (DKT 77-3)(maybe a jury should be hearing this?!) considering the seriousness of the allegations it's rather telling that neither fox or his supervisor saved the recording. And when fox says the grievances were making statements (correct. A grievance does do that. It's actually a requirement!) and calling deputies names, it was to the effect of 'Guard Doe on January 11 refused to file a grievance because of perceived disrespectful language. If guard Doe is too stupid to follow the law fire him.

ATTATCHMENT-8

when in fox's pleadings ^he claims williams had a history of filing frivolous grievances (subjective opinion) williams in his reply challenged fox to produce one such frivolous grievance ④ williams had ever filed or attempted to. He could not. The only Two grievances alleged to be frivolous were by fox and the ones he destroyed. There is no evidence in the record to support a claim williams ever filed a frivolous grievance.

(DKT 121, p. 10). "The January 8 grievance report reveals that williams received discipline for filing multiple grievances on the same issue — guards not processing grievances containing disrespectful language."
williams introduced disciplinary report 201600153, Id. williams was infracted for filing a grievance that allegedly contained disrespectful language. Grievance 8822 appealed that decision — infraction. being found guilty.
when the court says "williams lost his appeal apparently because he ignored previous warnings to refrain from continuously grieving the same issue." That conclusion (besides no bearing on what happened January 11) is no where to be seen in that grievance. Plain english says williams lost his appeal because they agree with their policy of infracting inmates who use disrespectful language in written grievances. He lost his appeal because it was concluded williams did use disrespectful language

④ in fox's declaration he also said williams filed **sexual** grievances. Fox could not produce any grievance to support that perjured statement either. williams certainly did **not** do that!
ATTATCHMENT-9

In a written grievance on January 8th. And they stand by their policy to infract for such violations! the courts (irrelevant) interpretation of 8822 should be deemed by this court as clearly erroneous. continuing:

"[I]t appears that williams' January 11 grievances were nothing more that frivolous attempts to re-grieve an issue ACJ had already addressed." That is an irrational conclusion to draw from that document, testimonies, etc. Fox does not claim that the January 11 grievances were multiple (the 3rd and 4th?) attempts to grieve the January 6th incident (appeal, 8822 the 8th).

Fox does not agree with the court. Fox alleges that the January 11 grievances were not grieving anything (a strange thing to do) or that the disrespectful language rendered them frivolous. Either way, neither 8822 or fox supports the courts take.


Even so, williams' motion addressed this defense. frivolous or merit or "inappropriate" language is a subjective opinion requiring it to be filed or "[...] allowing curtailment of the prison's grievance process in this way would mean that only a grievance that conformed to [Fox's] personal conception of [merit] could get a meaningful review." Richey v Dahne, No. 17-35032 (unpublished) (interpreting Bradly).

Fox also denied williams his right per SOP 4.5, 2d, to appeal Fox's alleged opinion of merit. " Appeal is a sussumed [right] under first Amendment right to petition." Hines v Gomez, 853 F. Supp 329 (cal)

The fact that there is no record of the Two grievances fox took

ATTATCHMENT - 10

is in and of itself that williams right to petion was violated. As well as right to access the courts. It chilled williams' right to sue guard DOE of grievance one (DKT 121, note 2). No one would risk a 700.00 dollar filing fee to have to first over come the proof of exhaustion requirement. williams has no evidence he attempted to grieve guard DOE.

Fox has established beyond debate that at least the protected speech was a motivating factor in his rejection and threats. He was obsessed with the offensive language. Id The court failed to cite fox's testimony here. (and says all testimony is Hearsay).

The evidence supports williams case for summary Judgement. If this court does reverse please rule on the district courts Hearsay ruling. williams' and fox's testimony is important.

### Retaliation; Rejections And threats

Fox's rejections and threats were based on protected speech. The court thus concluding that the grievances fox trashed must have Been frivolous it then concludes williams was not engaged in protected activity and fox is completely absolved.

That's disputed on all grounds. But even if true, fox still can not threaten williams. fox admits to verbally threatening williams and in writing (8843) for "And= disrespectful languge and protected activity. Participation in the grievance program. threatening for preceived merit or languge is one in the same legally. Nor does any ACJ Policy allow fox to discipline for lack of merit.

ATTATCHMENT-11

(See motions). So of course his threats were for language. Perhaps the verbal threat is a disputed issue - though fox admits - but the court has stated williams cant testify to what fox told him.

The courts no retaliation conclusion is also predicated on the contrary legal conclusions in Bradly and Bradheim. It concludes no disrespectful language in written grievances policies are constitutional.

The court is also wrong about having to establish ill will in order to prevail on a retaliation claim.[5] And the courts reasoning to conclude fox had no ill will is completely meritless.:
Because fox answered 8843

as stated, any way, fox did not pick up or process 8843. He merely answered it. some one had to after it was logged. And how did fox answering his own complaint do williams a favor? or absolve fox of other illegal conduct?

strangely, the court contradicts its earlier finding that fox rejected the grievances because they were grieving again the January 6th incident and completely proves williams' case, demanding judgement in his favor. (DKT 121, p. 13)." since Form 8843 did not

[5] The court labled williams' free speech violation claim as a retaliation claim. The retaliation -rejections- is different than williams claiming fox rejected the grievances because he did not like williams. Thats not williams' argument. fox rejected-"retaliated"-for protected speech. language.
ATTATCHMENT-12

contain [subjective opinion] disrespectful language it seems = Fox rejected the others for protected speech - disrespectful language. Williams agrees 100%. Fox rejected (and threatened) the two missing grievances for protected speech, not for merit or grieving the same issue 4 times. And Fox did violate clearly established law.

Ill will or no ill will, fox's threats were chilling and illegal.

## Qualified Immunity

If fox did not know of the settled law, which is not a legal defense, he had to know it was both unlawful and violative of his own Jail policy to trash two grievances and not even file them. His actions indicate anger. Refusing to comply with policy, "tossing" and the threats⑥. He had to have known he does not get to decide which grievances get filed and which ones dont. He had to know that the right to petition is absolute. He knew that if williams did not grieve him he cant get sued (all guards know this). not withstanding the threats, his actions were grossly unreasonable. Emphasized by the undisputed fact he totally failed to follow policy. fox simply came unhinged when some one dared to reference an Ada county sheriff "deputy" in a non worshing way.

the courts conclusion fox acted reasonably is simply not

⑥ The court believes that threating to break williams' neck is not indicative of ill will? But williams is merely consentrating, citing, the threats fox had admitted to or put in writing.

ATTATCHMENT-13

supportable from the record. And here the court critisizes Bradly. And without giving factual differences incorrectly claims williams' case is not analogous. williams disagrees. And Brodheim is even more on point to the facts of this case.

The most glaring factual mistake the court makes is at (DKT 121, p. 15) and again (pp. 18-19):

> Finally, while some dispute may exist as to the actual content of williams' grievances -- the language itself, or whether any contained either (1) an actual grievance or (2) a grievance that had not already been fully disposed of -- there is no question that fox properly followed ACJ policy.

To conclude fox "No question" followed ACJ policy is utterly unsupportable from the facts. Policy did not state fox is to pick up a grievance, determine if he likes it, toss and trash it. Quite litterally fox violated every single points out lined in SOP 4.5 - "ACJ policy." Its spelled out in the motions, so just briefly a summary of SOP 4.5 - "ACJ Policy" and fox's handling of the two grievances:

SOP 4.5. First section. Had fox done that we would have a record of the two grievances submitted for consideration.

"Policy" Fox's violative actions denied williams of the authorized appeal. Williams was entitled to a written response that can be appealed. No reprisals. There were.

"Procedure" clearly the issues that were attempted to be grieved (sworn to by williams and not disputed by fox

ATTATCHMENT - 14

interogatories (8-9) was authorized to be. "once the inmate submits a grievance form" (mine). The receiving staff "shall" (mine) give the inmate the NCR copy after he signs and dates it." The original will" (mine) be processed. fox's violations of this section goes on.

"PROPER HANDLING of GRIvances". This court gets the point. Fox completely and litterally did not follow the ENTIRE ACJ grievance policy. "NO question". The courts conclusion is very troublous, and curious. what step of 4.5 did fox follow? nothing!

Nor does policy authorize fox to discipline for filing frivolous grievances. only for grieving already grieved incidents and fox does not claim the grievances were. obviously fox was threatening discipline for disrespectful language wich is mentioned in the inmate hand book. which fox admits is unlawful! obviously fox's written and verbal threats were for protected speech. fox's post attorney story is not condutive to belief. A Jury trial is required. AT worst.

Yet again the court uses irrelevant and erroneous conclusions to make williams case for Judgement in his favor.

the evidence on record --specifically that fox had processed williams' grievances on other occasions [once] that were free of Disrespectful language --undercuts williams argument that fox was prohibiting --

Yes! correct! fox HAD twice refused to file, process or even document williams' grievances because he deemed them to

ATTATCHMENT - 15

contain disrespectful language. williams is entitled to Judgement as a matter of law.

And if fox's reason (sole reason) was merit, that would also entitle williams to relief on his right to petition claim. The language excuse is violative to law.

IV.      CONCLUSION AND RELIEF SOUGHT

The undisputable evidence does establish fox did violate williams' right to file grievances.

The undisputable evidence does establish fox retaliated against williams for exercising protected activity -- free speech -- use of impolite language in a written grievance. fox retaliated by refusing to file and process two grievances he deemed to contain language insulting to him and other guards. At worst, williams is entitled to a jury trial to settle disputed issues this court deems disputed and relevant.

clearly fox did threaten williams for future use of the jail grievance system and for use of impolite language. If his threats are not perse chilling threats then a jury trial is required to determine if the threats could chill a person of ordinary firmness from engaging in protected activity

Fox is not entitled to qualified immunity. He did violate clearly established law governing BOTH the right to petition

ATTATCHMENT-16

AND to use impolite language in written petitions. Fox's actions were grossly impropper, clearly in bad faith, reflected by his animated handling of the grievances - "Tossing", threatening and Trashing -- and his complete and utter disregard and contempt of EVERY Jail grievance rule. Neither policy, law or common sense defines 'filing' as tossing and trashing. This would be a bad door to open up.

Thank You, _Kent Wili_ April 26, 2019
        Kent Williams

### certificate of service

on April 26, 2019    I placed in the Idaho state correctional center inmate mail Plaintiffs opening brief addressed to:

Office of the clerk
James R Browning courthouse
US court of Appeals
PO BOX 193939
San Francisco, CA 94119-3939
        and;
Ada county Prosecutor
200 W Front st. #3191
Boise, Idaho 83702

        _Kent Wili_ April 26, 2019
        Kent Williams

ATTATCHMENT-17

Exhibit A

Grievance 8843

# Ada County Sheriff's Office

### Ada County Jail
### Inmate Grievance Report



Inmate: WILLIAMS KENT GLEN          Date: 01/12/2016  Grievance ID: 8843  Location: ADA JAIL/MSU HOUSING/

Grievance Stage: Supervisor Review     Grievance Type: Jail        Grievance Desc: Staff

THE DECISION/ACTION THAT I AM GRIEVING IS:  of guard fox to throw away my outgoing mail. On 1/11/16 I put a grievance out my cell door for 7PM mail pick up. Fox took it, read it and refused to take it. It was left on the tier. At 7:15, 1/11/16, I then put out the cell door a grievance grieving fox refusing to take and process my mail ( courts consider grievance legal mail). He took it, read it and said, "first chance I get at your neck..." and then tossed it in the air onto the tier where it was prosumably thrown away.

I TRIED TO SOLVE THIS PROBLEM BY:  It's now the sheriffs dept problem. I trust Fox superiors will immediately take disciplinary action.

THE REASON WHY I FEEL IT SHOULD BE CHANGED IS:

Inmate Name:  WILLIAMS KENT GLEN          Date:  01/12/2016

Received By Staff Member:  FOX          ADA:  SO5012     Date: 01/12/2016     Time:  7:35 pm

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* **Received** \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The response from the staff member being grieved:
THE RESPONSE FROM THE STAFF MEMBER BEING GRIEVED:   The grievances you have been submitting are not acceptable. You are not grieving any issues, you are making statements and calling deputies names and being disrespectful. You have already been written up for this issue. Do not continue to abuse the grievance system.

1721

You say that I said, "First chance I get at your neck". I never said any such thing. Please stop making false accusations.

Answered By Staff Member:  FOX          ADA:  SO5012     Date: 01/12/2016     Time:  7:35 pm
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* **Response** \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

☐ **I accept the Response**                    ☑ **I Request an Appeal**

Answered By Staff Member:  MICHAELSON          ADA:  SO4884     Date: 01/12/2016     Time:  9:47 pm
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* **Inmate Review** \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Your grievance has been reviewed and I find:
APPEAL RESPONSE:

Staff response supported,

Answered By Staff Member:  HILLNER          ADA:  SO4199     Date: 01/13/2016     Time:  1:44 am
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* **Supervisor Review** \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Exhibit B

znfraction 2016001153

# Ada County

## Jail Incident

| | | | | | |
|---|---|---|---|---|---|
| **Incident No** | 201600153 | **Severity Level** | Level 2 | ☑ Record Locked | ☑ Media Exists |
| **Incident Date** | 1/6/2016 | **Incident Time** | 7:00:00AM | **Lock Date** | |
| **Reporting Deputy** | 4693 | HANSEN | | | |
| **Supervisor** | 4746 | CULBERTSON | | | |

### Location

| Building: | Block: | Cell: |
|---|---|---|
| Pod D | Cell Block 16 | 1612 |

### Involved Entities

| LE# / ID# | Involved Name | Description | Injured | Involvement | Notes Exist |
|---|---|---|---|---|---|
| 4693 | HANSEN | Ada County Sheriff Deputies | No | Reporting Deputy | ☑ |
| 4746 | CULBERTSON | Ada County Sheriff Deputies | No | Supervisor | ☑ |
| 1064100 | WILLIAMS KENT GLEN | Arrest | No | Suspect | ☐ |
| 4682 | MILLER | Ada County Sheriff Deputies | No | Classification Deputy | ☑ |

### Incident Codes

| Class Description | Category Description | Item Description |
|---|---|---|
| Non-compliant behavior | Social rules | Disrespect to staff |

ADA COUNTY: 000633

# Ada County

## Jail Incident

| Incident Notes | | | | | | |
|---|---|---|---|---|---|---|
| Incident No | 201600153 | Severity Level | Level 2 | [X] Record Locked | | |
| Incident Date | 1/6/2016 | Incident Time | 7:00:00AM | Lock Date | | |

| | LE # / ID# | Name | | | Description | Involvement |
|---|---|---|---|---|---|---|
| Incident notes of: | 4693 | HANSEN | | | Ada County Sheriff Deputies | Reporting Deputy |

ELEMENTS:
Kent Williams did make disrespectful statements about staff on an Inmate Grievance Form.

NARRATIVE:
On 1/6/16 I was assigned in the Maximum Security Unit of the Ada County Jail. During headcount Inmate Kent Williams submitted an Inmate Grievance Form to me. After completing headcount I reviewed the grievance. On it Williams had written "so you might want to train that mentally handicapped Deputy Brooks and the moron who wrote the inmate handbook." I went and talked to Inmate Williams about the grievance. Inmate Williams showed me a grievance that had been returned by Deputy Brooks that contained disrespectful and derogatory language directed at medical staff. Deputy Brooks had instructed Inmate Williams to re-submit the grievance without the offensive language.

ADDITIONAL INFORMATION:
This is the 3rd disciplinary report Inmate Williams has received involving the inmate grievance system in addition to 4 other Class II write-ups and 2 Class III write-ups. The submitted grievance has been scanned into the media file of this report.

REQUESTED DISCIPLINE:
Inmate Williams will be served with a Notice of Intent to Initiate Disciplinary Action and a copy of this report. I am requesting that Inmate Williams serve 4 days loss of all privileges.

ADA COUNTY: 000847

Please re-submit grievance, without derogatory terms 4/8:

Inmate Name: Kent Williams   LE#: 1064100   Date: 1-5-16   Housing: 1612
(Please print)

The decision that I am grieving is: to reject a grievance, 5216, for disrespectful language. The 9th circute has now ruled 3 seperate times that it is illegal to reject a grievance for disrespectful language. It is protected under the 1st amendment. So you might want to trary that mentally handicaped ~~problem~~ Deputy Brooks and the moron who that wrote the inmate hand book — That doesnt trump the Constitution

The reason why I feel it should be changed is: your all violating the law. and you should all stop being so sensitiz to inmates and put aside your personal feelings. and be more professional

Inmate Signature: _____   Date: 1-4-16

(Officer Use Only)

**Received By:**

Name: J Hansen   Ada: 4683   Date: 1/6/16   Time: 0700

ADA COUNTY: 000850

# Ehibit C

## Fox's Interogatories

**JAN M. BENNETTS**
ADA COUNTY PROSECUTING ATTORNEY

**RAY J. CHACKO**
Deputy Prosecuting Attorney
**OSCAR KLAAS**
Deputy Prosecuting Attorney
Civil Division
200 W. Front Street, Room 3191
Boise, ID 83702
Telephone (208) 287-7700
Facsimile (208) 287-7719
Idaho State Bar Nos. 5862 & 7946
civilpafiles@adaweb.net



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENT WILLIAMS,<br><br>           Plaintiff,<br><br>vs.<br><br>GUARD FOX,<br><br>           Defendant. | )<br>)<br>)  **Case No. 1:15-CV-00029-REB**<br>)<br>)  **RESPONSES TO PLAINTIFF'S FIRST**<br>)  **SET OF INTERROGATORIES AND**<br>)  **REQUEST FOR DOCUMENT**<br>)  **PRODUCTION**<br>)<br>)<br>) |

TO:   Plaintiff, Kent Williams

**COMES NOW**, Defendant Landon Fox, by and through counsel, the Ada County

Prosecuting Attorney's Office, Civil Division, and submits the following responses to Plaintiff's

First Request for Discovery in accordance with Rules 33, 34, and 36 of the Federal Rules of

Civil Procedure, as follows:

**GENERAL OBJECTIONS**

1.    Defendant objects to the vague, ambiguous, imprecise and interchangeable use of

the term "grievance" throughout Plaintiff's Requests for Admission, Interrogatories, and

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR
DOCUMENT PRODUCTION – PAGE 1

Requests for Production. On two occasions on January 11, 2016, Plaintiff set out grievance forms for pick-up. Neither of those forms grieved an actual decision or action by an Ada County Jail staff member. Rather, both forms contained disrespectful language and called jail staff names, which is an abuse of the Inmate Grievance System. Because the content of the grievance forms did not actually set forth a grievance, Defendant objects to each and every Request for Admission, Interrogatory, and Request for Production that refers to the grievance forms as "grievances." Defendant's Responses are all made subject to this objection. Further, throughout Plaintiff's Requests for Admission, Interrogatories, and Requests for Production, Plaintiff uses the term grievance without making clear which grievance or form is being referenced and thus requiring speculation by Defendant in order to respond.

2. The greater part of Plaintiff's Requests for Admission, Interrogatories, and Requests for Production are relevant only to claims dismissed by the Court's Initial Review Order which are no longer relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. The Court has determined in its Initial Review Order and in denying Plaintiff's Motion to Reconsider that the sole issue in this case is whether an alleged statement was made by Defendant to the Plaintiff in retaliation to Plaintiff's exercise of a constitutional right. The Court has dismissed Plaintiff's claims that he was denied access to constitutionally guaranteed grievance process. Accordingly, all Plaintiff's Requests for Admission, Interrogatories, and Requests for Production seeking information regarding the grievance procedure for inmates in the Ada County Jail seek information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.

3.     Defendant objects to any of Plaintiff's Requests for Admission, Interrogatories, and Requests for Production that contains a reference to "grievance 8843" on the grounds it is vague, ambiguous and requires speculation on the part of Defendant to respond.  Plaintiff's Requests for Admission, Interrogatories, and Requests for Production reference "grievance 8843" but do not provide a copy of the "grievance 8843" or reference to where "grievance 8843" may be found in previously produced documents.  Without a copy of the actual document being referenced, Defendant is required to speculate as to the contents of the document.  Notwithstanding the foregoing objection, Defendant presumes that "grievance 8843" refers to the document produced by Defendant identified as Ada County 00131 and will base his responses in reference to that document.

Defendant Responses are all made subject to this objection.

## I. ADMISSIONS

REQUEST FOR ADMISSION 1:  Defendant Fox, admit that on the relevant dates and time, you took from me a grievance, read it and refused to accept and process it.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**:    Defendant objects to this Request for Admission on the grounds that it: (1) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence; and (2) contains subparts, or a compound, conjunctive, or disjunctive question. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant admits that on or about January 11, 2016, Plaintiff submitted a grievance form that did not grieve an actual decision or action of an Ada County Jail staff member but only contained disrespectful languages directed toward Ada County Sheriff Deputies.  Because the form did not grieve an actual decision or action by an Ada

County Jail staff member, Defendant refused to accept it as a grievance and verbally informed Plaintiff of the reason the form was not accepted. Defendant admits that Defendant attempted to return the form to Plaintiff but Plaintiff slid the returned grievance form under his cell door after Defendant returned it. Defendant denies the remainder of this Request for Admission.

REQUEST FOR ADMISSION NO. 2: Defendant Fox, admit that later that night I put another grievance out my cell door and you took that grievance, read it and tossed it into the air and left it on the tier where it landed.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**: Defendant objects to this Request for Admission on the grounds that it: (1) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence; and (2) contains subparts, or a compound, conjunctive, or disjunctive question. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant admits that on or about January 11, 2016 Plaintiff once again submitted a grievance form that did not contain an actual grievance of a decision or action of Ada County Jail staff member but rather contained disrespectful language and was not accepted as a grievance by Defendant. Because the form did not grieve an actual decision or action by an Ada County Jail staff member, Defendant refused to accept it as a grievance and verbally informed Plaintiff of the reason the form was not accepted. Defendant admits that Defendant decided not to engage in an exercise of passing the grievance form back and forth under the cell door with Plaintiff and did not pick up the second form. Defendant denies the remainder of this Request for Admission.

REQUEST FOR ADMISSION NO 3: Defendant Fox, admit that this act of tossing the grievance onto the tier floor and leaving it violated your training.

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION – PAGE 4

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**: Defendant objects to this Request for Admission on the grounds that it: (1) it is vague, ambiguous, or unintelligible in that the term "training" is undefined and subject to speculation; and (2) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant denies this Request for Admission.

REQUEST FOR ADMISSION NO 4: Defendant Fox, admit that a reason you refused to process these grievances was because they contained language you deemed disrespectful towards you and other Ada County jail employees.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**: Defendant objects to this Request for Admission on the grounds that it: (1) is vague, ambiguous, or unintelligible in that it is unclear which of the purported grievances are being referenced; (2) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant admits that he refused to process two purported grievances made on January 11, 2016 because neither grievance form contained a grievance regarding a decision or action of an Ada County Jail staff member and used disrespectful language Defendant denies the remainder of this Request for Admission.

REQUEST FOR ADMISSION NO. 5: Defendant Fox, admit that when you tossed the grievance onto the tier floor you knew it likely to violate the law.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**: Defendant objects to this Request for Admission on the grounds that it: (1) is vague, ambiguous, or unintelligible in that requires speculation to determination which "grievance" and which "law" is being referenced in the Request; (2) does not provide law or sufficient facts to reach a legal conclusion; and (3) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant denies this Request for Admission.

REQUEST FOR ADMISSION NO. 6: Defendant Fox, admit that you knew it was unprofessional.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**: Defendant objects to this Request for Admission on the grounds that it: (1) is vague, ambiguous, or unintelligible because it requires speculation as to what "it" refers; (2) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence; and (3) is argumentative in that it improperly requires the adoption of an assumption. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant denies this Request for Admission.

REQUEST FOR ADMISSION NO. 7: Defendant Fox, admit that you took what was said in at least one of the two grievances personally insulting.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:** Defendant objects to this Request for Admission on the grounds that it: (1) is vague, ambiguous, or unintelligible in that it

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION – PAGE 6

is ambiguous as to which purported grievances are being referenced (Plaintiff filed many grievances during his time in Ada County Jail); (2) requires speculation as to what the referenced "grievances" actually said; and (3) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant admits that he found statements made by Plaintiff on inmate grievance forms submitted on January 11, 2016 to be disrespectful and that those documents failed to grieve an actual issue. Defendant denies being personally insulted by the language in the purported grievances.

REQUEST FOR ADMISSION NO. 8: Defendant Fox, admit that at the time, you did not have the authority to put me or any inmate on grievance restriction.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**: Defendant objects to this Request for Admission on the grounds that it: (1) is vague, ambiguous, or unintelligible in that it does not define what "at the time" means, nor is clear what "grievance restriction" means; (2) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence; and (3) is argumentative in that it improperly requires the adoption of an assumption. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant admits that he had been instructed by his supervisor prior to his shift on January 11, 2016 to not accept grievances from Plaintiff which did not grieve an actual issue or which contained vulgar language. The Ada County Jail Inmate Handbook authorizes this action. Defendant denies the remainder of this Request for Admission.

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION – PAGE 7

REQUEST FOR ADMISSION NO. 9: Defendant Fox, admit that before you committed these actions of not accepting and processing the grievances, you had conversation with at least one other Ada County jail employee about case law which says it is illegal for you to refuse to accept and process a grievance for the use of disrespectful language, or to discipline or threaten to discipline an inmate for the use of disrespectful language in a grievance.

**RESPONSE TO REQUEST FOR ADMISSION 9**: Defendant objects to this Request for Admission on the grounds that it: (1) is vague, ambiguous, and unintelligible; (2) contains subparts, or a compound, conjunctive, or disjunctive question; and (3) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant denies this Request for Admission.

REQUEST FOR ADMISSION NO. 10: Defendant Fox, admit that you have read either Bradly v. Hall, 64 F3d 1276 or Brodheim v. Cry, 584 F3d 1262.

**RESPONSE TO REQUEST FOR ADMISSION 10**: Defendant objects to this Request for Admission on the grounds that it: (1) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence; and (2) is vague, ambiguous, and unintelligible. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant denies this Request for Admission.

## II. INTERROGATORIES

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION – PAGE 8

<u>INTERROGATORY NO. 1</u>: Defendant Fox, on January 11th, 2016 Did you take from Plaintiff's assigned cell door two grievances and read them in front of his cell?

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it: (1) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, on January 11, 2016, Plaintiff submitted inmate grievance forms that did not grieve an actual issue but was a frivolous use of the inmate grievance process that used disrespectful language and called people names. Plaintiff had misused the inmate grievance process numerous times in the past in similar manners. Defendant had been instructed not to accept frivolous grievance forms that contained inappropriate language or did not contain an actual grievance. The grievance form submitted by Plaintiff was not accepted as an inmate grievance because the documentation did not grieve an actual issue and contained disrespectful language. Each time this happened, Defendant verbally informed the Plaintiff of the reasons why his purported grievances would not be accepted and returned the forms to him. In response, Plaintiff slid the grievance forms under his cell door and onto the tier floor. Defendant determined that returning the form to Mr. Williams was pointless and left the grievance forms where Mr. Williams had placed them.

<u>INTERROGATORY NO. 2</u>: Defendant Fox, did you refuse to take and process the above grievances?

**RESPONSE:** Defendant restates his Objections and Response to Interrogatory No. 1 in response to this Interrogatory.

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION – PAGE 9

<u>INTERROGATORY NO. 3</u>: Defendant Fox, Did you respond to grievance number 8843?

**<u>RESPONSE:</u>** Defendant objects to this Interrogatory on the grounds set forth in the General Objections which are incorporated by reference. Subject to and without waiving any objection, yes.

<u>INTERROGATORY NO. 4</u>: Defendant Fox, are you trained to know what constitutes a legitimate issue in a grievance?

**<u>RESPONSE:</u>** Defendant objects to this Interrogatory on the grounds that it seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, as part of Defendant's training to serve as a Sheriff's Deputy in the Ada County Jail, Defendant read and received instruction regarding the policy and procedures contained in the Ada County Jail Inmate Handbook. The Ada County Jail Inmate Handbook in effect on January 11, 2016 states that inmates may grieve a decision or action of a jail staff member and that inmates are expected to use respectful language to express grievances or the grievance will not be answered. Because Mr. William's purported grievances did not grieve any actual issues, they did not contain any legitimate issues.

<u>INTERROGATORY NO. 5</u>: Defendant Fox, in your opinion, why did the grievances you refused to accept and process not contain any grievable issues?

**<u>RESPONSE:</u>** Defendant restates his Objections and Response to Interrogatory No. 1, 2, and 4 in response to this Interrogatory.

<u>INTERROGATORY NO. 6</u>: Defendant Fox, what constitutes a legitimate issue?

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION – PAGE 10

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it: (1) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence; and (2) is so broad, uncertain and unintelligible that Defendant cannot determine the nature of the information sought, and therefore is unable to answer with certainty. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, at a minimum a legitimate issue must set forth a grievance of an action or decision by a jail staff member. Making disrespectful statements and calling deputies names is not a legitimate issue for an inmate grievance.

INTERROGATORY NO. 7: Defendant Fox, what is your training in regards to the inmate grievance system?

**RESPONSE:** Defendant objects to this Interrogatory on the grounds set forth in the General Objections which are incorporated by reference.

Subject to and without waiving any objection, as part of training to serve as a Sheriff's Deputy in the Ada County Jail, deputies and receive instruction regarding the policy and procedures contained in the Ada County Jail Inmate Handbook, which sets forth the procedures for processing and handling inmate grievances. The grievance system and inmate grievances are periodic topics of discussion at deputy briefings.

INTERROGATORY NO. 8: Defendant Fox, was one of the grievances you refused to accept and process grieving an Ada County deputy Mr. Williams claimed had refused to accept from a grievance earlier that day?

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it: (1) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION – PAGE 11

lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant does not recall with sufficient detail the statement contained in the purported grievance to respond to this Interrogatory. Defendant recalls generally that the two grievance forms from January 11, 2016 in question contained disrespectful language and called deputies names.

INTERROGATORY NO. 9: Defendant Fox, was the grievance you threw into the air grieving you not accepting a grievance earlier that night?

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant did not throw any documentation received from Defendant in the air. See Response to Interrogatory No. 1. Defendant does not recall with sufficient detail the statement contained in the purported grievance to respond to this Interrogatory. Defendant recalls generally that two grievance forms Plaintiff submitted on January 11, 2016 contained disrespectful language and called deputies names.

INTERROGATORY NO. 10: Defendant Fox, is it your belief that your actions of tossing and leaving on the tier floor these grievances video recorded?

**RESPONSE:** Defendant objects to this Interrogatory on the grounds set forth in the General Objections which are incorporated by reference.

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION – PAGE 12

Subject to and without waiving any objection, Defendant believes that video cameras are present throughout the Ada County Jail for video surveillance. It is possible that part or all of Defendant's interactions with Mr. Williams were within an area subject to video surveillance. Defendant is without personal knowledge as to whether any of his interactions with Mr. Williams on January 11, 2016 were video recorded; nor does he have any knowledge as to whether and how long such recordings are stored, if such recordings existed in the first place.

INTERROGATORY NO. 11: Defendant Fox, is the area in front of the cell where Williams was in when this incident occurred regularly video recorded?

**RESPONSE:** Defendant restates his Objection and Response to Interrogatory No. 10 in response to this Interrogatory.

INTERROGATORY NO. 12: Defendant Fox, what did you say to Mr. Williams after you tossed the grievance into the air and leave it on the tier floor?

**RESPONSE:** Defendant objects to this Interrogatory on the grounds set forth in the General Objections which are incorporated by reference and that it does not provide sufficient detain as to which purported grievance is being referenced. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant did not toss either of the purported grievances into the air. Defendant does recall that he verbally informed Mr. Williams that he had submitted grievance forms that did not contain a grievable issue and that the consequence of continued abuse of the grievance system was a Class II violation. Defendant does not recall precisely what he said to Mr. Williams in regard to his decision to refuse either of the purported grievances. Although Defendant does not precisely recall what he said to Mr.

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION – PAGE 13

Williams, Defendant can state with certainty that he did not tell Mr. Williams, "first chance I get at your neck" or any similar words or language as alleged in the Complaint.

INTERROGATORY NO. 13: Defendant Fox, in that or any other grievance you refused to accept and process that night, did it contain language you deemed insulting or disrespectful towards you?

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it: (1) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant recalls it contained disrespectful language.

INTERROGATORY NO. 14: Defendant Fox, what did you do with each of the two grievances mentioned in grievance number 8843?

**RESPONSE:** Defendant restates his Objections and Response to Interrogatory No. 1-3 in response to this Interrogatory.

INTERROGATORY NO. 15: Defendant Fox, what all alleged in grievance 8843 by Mr. Williams do you agree with?

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it: (1) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, based on Ada County 00131, Defendant agrees only that Defendant did not accept two grievance forms submitted by Plaintiff because those forms did not contain any actual grievances and contained disrespectful language.

INTERROGATORY NO. 16: Defendant Fox, when you left these grievances on the tier floor was Mr. Williams able to open his cell door to retrieve them?

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant returned the first grievance form to Mr. Williams by sliding them under his cell door. Mr. Williams then kicked that grievance form under his cell door and onto the tier floor. Defendant did not pick up the second grievance form based on his interactions with Plaintiff with the first form. Defendant believes that Mr. Williams cell door was locked when these actions occurred.

INTERROGATORY NO. 17: Defendant Fox, are you trained to toss grievances into the air and leave them on the tier floor to be trashed when you disapprove of them?

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it: (1) is argumentative; and (2) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, no.

INTERROGATORY NO. 18: Defendant Fox, when and who had knowledge, that would be considered your superior of your actions in regards to what you did with the two grievances in question?

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Sergeant Tim Hillner conducted a supervisor review of Plaintiff's grievance concerning the subject matter of this lawsuit on January 13, 2016.

INTERROGATORY NO. 19: Defendant Fox, after the incident in question, did any one considered to be your superior talk to you about your actions concerning what you did with these grievances?

**RESPONSE:** Defendant objects to this Interrogatory on the grounds set forth in the General Objections which are incorporated by reference.

Subject to and without waiving any objection, no.

INTERROGATORY NO. 20: Defendant Fox, if the answer to question 19 is yes, would you please state all who and describe what was said?

**RESPONSE:** Defendant restates his Objections and Response to Interrogatory No. 19 in response to this Interrogatory.

INTERROGATORY NO. 21: Defendant Fox, what names did Mr. Williams allegedly call deputies in these grievances?

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION – PAGE 16

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it: (1) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant does not specifically recall the precise language used in by Mr. Williams in the two purported grievances. Defendant recalls that Mr. Williams had used derogatory terms and insults such as "idiot" "moron" and "retarded" toward deputies in grievances during the time that Mr. Williams was an inmate in the Ada County Jail.

INTERROGATORY NO. 22: Defendant Fox, on or about October 25th, 2015, at approximately 8:15 pm (please review video to refreshen your memory) did you go to cell MSU 1725 at the Ada County Jail where Mr. Williams was housed and return, unprocessed, a grievance he had turned in which Mr. Williams was asking for 2.5 Million Dollars for allegations of abuse by Ada County deputies?

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant does not have a recollection of the events described in Interrogatory No. 22.

INTERROGATORY NO. 23: Defend Fox, when you returned this grievance did you tell Mr. Williams that the jail has nothing to do with "this lawsuit" (or such thing) or that it was not grievable or that you would not help with this lawsuit?

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION – PAGE 17

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it: (1) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Subject to and without waiving any objection, Defendant does not have a recollection of the events described in Interrogatory No. 23.

**INTERROGATORY NO. 24:** Defendant Fox, if you admit to returning this earlier grievance (one depicted in questions 22-23) would you please describe what was said in the grievance and why you returned it?

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it: (1) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant incorporates the General Objections made above by reference.

Defendant does not have a recollection of the events described in Interrogatory No. 22 or 23.

**INTERROGATORY NO. 25:** Defendant Fox, what is your complete formal education history?

**RESPONSE:** Defendant received a high school diploma; successfully completed Navy Dive School; and successfully completed Idaho Peace Officer Standards & Training.

### III. PRODUCTION OF EVIDENCE

REQUEST FOR PRODUCTION OF EVIDENCE NO. 1: Please produce any video recording that would have recorded the area in front of the cell Mr. Williams was housed when this incident occurred.

**RESPONSE**: Any video surveillance made on January 11, 2016 in the area in front of Mr. Williams' cell was not recorded or otherwise saved by the video surveillance system. Discovery is ongoing and the Defendants reserve the right to supplement this response pursuant to the Federal Rules of Civil Procedure and this Court's Scheduling Order.

REQUEST FOR PRODUCTION OF EVIDENCE NO. 2: Please produce any video recording that would have recorded the area in front of the cell during the time indicated in question 22.

**RESPONSE**: Any video surveillance made on January 11, 2016 in the area in front of Mr. Williams' cell was not recorded or otherwise saved by the video surveillance system. Discovery is ongoing and the Defendants reserve the right to supplement this response pursuant to the Federal Rules of Civil Procedure and this Court's Scheduling Order.

REQUEST FOR PRODUCTION OF EVIDENCE NO. 3: Please produce Defendant Fox' personnel record.

**RESPONSE**: Defendant objects to this Interrogatory on the grounds that it: (1) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence and because it violates Defendant's privacy rights. Defendant's personnel file, like all personnel files, contains sensitive information of a personal and private nature and Defendant has a right to privacy regarding its contents, and presents concerns for safety of Defendant any person whose personal data may be included in Defendant's personnel file. Defendant requests to meet and confer with Plaintiff to determine whether this Request is necessary or can be modified to a form acceptable by both parties.

REQUEST FOR PRODUCTION OF EVIDENCE NO. 4: Please produce all grievances filed by Ada County Jail inmates against Defendant Fox from three years ago to present.

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION – PAGE 19

**RESPONSE**: Defendant objects to this Request for Production on the grounds that it: (1) so broad as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive; (2) requests production of documents that are not reasonably accessible because of undue burden and/or cost to search for, retrieve, and/or produce requested documents.

Subject to and without waiving any objection, Defendant is endeavoring to learn if the requested documents exist and can be accessed without undue burden or cost. Discovery is ongoing and the Defendants reserve the right to supplement this response pursuant to the Federal Rules of Civil Procedure and this Court's Scheduling Order.

REQUEST FOR PRODUCTION OF EVIDENCE NO. 5: Please produce any record of Mr. Williams' grievance history while at the Ada County Jail. To include all internal e-mails between staff, memos, any communications between jail employees related to Mr. Williams Participation in the grievance program. All grievances filed, or attempted, either accepted and processed or stored. To include media file or documental.

**RESPONSE**: See Defendant's Initial Disclosures served on September 7, 2016, Bates stamped Ada County 00001-00335. Discovery is ongoing and the Defendants reserve the right to supplement this response pursuant to the Federal Rules of Civil Procedure and this Court's Scheduling Order.

REQUEST FOR PRODUCTION OF EVIDENCE NO. 6: Please produce the complete Ada County Jail inmate grievance policy, rules, manual and staff training video, audio or written.

**RESPONSE**: See Defendant's Initial Disclosures served on September 7, 2016, Bates stamped Ada County 00394-00452. Discovery is ongoing and the Defendants reserve the right to supplement this response pursuant to the Federal Rules of Civil Procedure and this Court's Scheduling Order.

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION – PAGE 20

REQUEST FOR PRODUCTION OF EVIDENCE NO. 7: Please provide any grievance related disciplinary report against Mr. Williams while an inmate at Ada County Jail.

**RESPONSE:** Defendant objects to this Interrogatory on the grounds that it: (1) seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence; and (2) is unduly burdensome.

Subject to and without waiving any objection, Defendant is endeavoring to locate all the requested documents and will produce any discoverable documents in a timely manner. Discovery is ongoing and the Defendants reserve the right to supplement this response pursuant to the Federal Rules of Civil Procedure and this Court's Scheduling Order.

DATED this ___11th___ day of October, 2016.

JAN M. BENNETTS
Ada County Prosecuting Attorney

By: _____
Oscar S. Klaas
Deputy Prosecuting Attorney

**VERIFICATION**

Landon Fox being first duly sworn upon oath deposes and says: That he is a Defendant in the above-entitled action; that he has read the within and foregoing RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION, and that the statements therein contained are true.

_____

Landon Fox

STATE OF IDAHO  )
               ) ss.
County of Ada     )

I, __Shelly Root__, a notary public, do hereby certify that on this 7th day of October, 2016, personally appeared before me, who, being by me first duly sworn, declared that he signed the foregoing document, and that the statements therein contained are true.

_____
Notary Public for Idaho

Commission Expires __5/17/18__

RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENT PRODUCTION – PAGE 22

# Exhibit D

Ada County Jail Grievance Policy
" SOP 4.5 =

IRF to prove they addressed issues appropriately. Either Inmate Records or Classifications will maintain a copy of the IRF using the currently approved method.

<u>Health Services IRF</u>

Health Services IRFs are blue and handed out by HSU staff or housing deputies. Once completed by an inmate, Health Services IRFs are to be placed into the Health Services IRF box and only HSU staff members can retrieve / respond to them. Health Services IRFs are retrieved from all housing areas on a daily basis. Health Services IRFs are scanned into the Health Services computer system and retained in each inmate's electronic medical file.

Health Services IRFs may not be seen immediately by health care staff. Deputies should therefore pay particular attention to immediate health care concerns or suicidal ideation exhibited by inmates. Concerns should be referred to the on-shift supervisor and HSU staff.

As with other areas of the ACJ, for those inmates being housed in the HSU Dorms Health Services IRFs will be issued and picked up daily by the HSU staff.

Health Services IRFs will be issued by the housing deputy on an as needed basis after that. HSU North / South and Dorm inmates can request / submit general IRFs for other issues at any time.

**4.5 Grievances**

POLICY

It is the policy of the ACJ to address inmate concerns in a fair and timely manner. An inmate grievance process has been adopted in order to respond to inmate grievances. The inmate grievance process gives an inmate the opportunity to work out the grievance with the staff member involved. The inmate has the option to have the grievance reviewed through appeal to the staff member's supervisor.

No reprisal or retaliation is permitted against an inmate who has filed a grievance. Grievances are to be used only for legitimate communications. Once a grievance is answered at the appeal level, the inmate may not repeatedly address the same issue. Such abuse of the grievance system may lead to disciplinary action and restriction of access to the grievance form. (Idaho Jail Standards 12.02)

PROCEDURE

Inmate Grievance Forms are two part forms using no carbon required paper (NCR) for the second page. An inmate may request an Inmate Grievance Form to grieve any issue related to the following:

- Application of ACJ policies, rules and procedures

- Staff or inmate conduct

- Access to programs or services

- Conditions of confinement

- Incidents occurring within the facility

Grievances for health care issues or against HSU staff shall be completed on the Health Services Grievance Form and will be answered by HSU staff.

Once the inmate submits a grievance form, the inmate will not be allowed to take custody of the original grievance form. Inmates are responsible for maintaining the NCR copy of the grievance to show staff upon request when they claim a grievance has been lost. The original copy will be processed by Inmate Records using the currently approved method.

100

ADA COUNTY: 00453

Grievances are responded to by line level staff, and then appealed to supervisors. ACJ administration will review all grievances and take additional action if needed. Inmates generally will not see comments or notations made by the ACJ administration. ACJ staff shall provide timely responses to grievances with a response not to exceed seven (7) days. If the staff member being grieved is off duty for vacation or for some other reason, responses shall be provided as soon as reasonably practicable.

Proper Handling of a Grievance:

- When first receiving a grievance, staff members will date and initial it, then provide the inmate with the NCR copy.

- Stage 1

  - Staff members receiving the grievance are to determine if the issue is time sensitive. If it is time sensitive they will immediately contact their supervisor. Time sensitive issues include:

    - Medical treatment of issues that could be life threatening

    - Appeal of discipline when inmate is serving the discipline time

    - Complaint of physical or sexual abuse (SOP 1.2.25 PREA)

  - Staff members will enter the grievance information into the JMS system.

  - Route the original grievance form to inmate records for processing. Notify the responsible staff member via email and move the grievance to Stage 2.

- Stage 2

  - Staff members receiving a grievance are to answer it.

  - Grievance responses are expected to be factual, professional and accurate.

  - Staff members will print a copy of the grievance with their answer on it and then move the grievance to Stage 3

- Stage 3

  - Deliver the answered grievance to the inmate, and if further appeals are possible, ask them to make a decision of accepting the answer or appealing.

    - Indicate the inmate's response by selecting either ACCEPT or REQUEST APPEAL
    - For inmates who are no longer in custody select NIC (NOT IN CUSTODY)

  - The staff member will enter the response into JMS and notify the supervisor for the person answering the grievance via email that it is ready for review. Move the grievance to Stage 4.

- Stage 4

  - The supervisor for the staff member that answered the grievance will review accepted grievances and answer ones requesting an appeal.

  - Completed grievances that requested an appeal will be printed out and returned to the inmate.

101

ADA COUNTY: 00454

- The supervisor will notify their supervisor that the grievance is ready for review, then move it to Stage 5

- Stage 5

  - The responsible supervisor will review the grievance, then close it by moving it to Stage 6.

## EMERGENCY GRIEVANCES

The ACJ has in place an emergency grievance process which an inmate may utilize if he/she feels in imminent danger or has been sexually abused or raped. There are no time limits on when an inmate may submit a grievance regarding an allegation of sexual abuse or rape. Emergency grievances will be automatically routed to the on-shift sergeant for immediate review. Emergency grievances alleging sexual misconduct by a staff member shall not be referred to the staff member who is the subject of the complaint.

### Jail Grievance Types

Classification:

- Appeal of a classification decision concerning an inmate's custody level, placement in segregation, activation of a jail alert, or housing assignment.

Conditions of Confinement:

- Deal with the basic needs of the inmate such as personal safety ("failure to protect"), sanitation, shelter (relates to the environment including heating/cooling/ventilation, lighting and noise levels), clothing, and exercise.

Food

- Deal with food (excludes medical or religious diets) issues.

Discipline:

- Inmate discipline and due process regarding the disciplinary report, sanctions, procedural errors, prehearing segregation, or appeals to completed reviews/hearings.

Force:

- Force incidents including use of restraints

Mail:

- Delivery and handling of an inmate's incoming/outgoing mail and publications. Mail also consists of privileged/legal and inmate to inmate communication.

Phones:

- Access, PINs, reimbursements, and recordings

Programs and Privileges:

- Access to, denial of, or removal from programs (Alternative Sentencing, Work Release, in custody classes, Inmate Worker). Also contained in this category are issues with privileges such as the law library, commissary, and television.

102

ADA COUNTY: 00455

Exhibit E

grievance 8822



Inmate: WILLIAMS KENT GLEN          Date: 01/08/2016  Grievance ID: 8822  Location: ADA JAIL/MSU HOUSING/
Grievance Stage: Administration      Grievance Type: Jail       Grievance Desc: Staff

THE DECISION/ACTION THAT I AM GRIEVING IS: Not to fire Culbertson, 4746, and compensate me then thousand dollars for allowing his subordinate, Hansen 4693, to infract me for allegedly using disrespectful language in a grievance despite it being against the law to do so, and neither guard qualified to decide what is disrespectful or not.

I TRIED TO SOLVE THIS PROBLEM BY: Explaining to staff what the law is regarding language in a grievance by inmates. There to arogant to care however

THE REASON WHY I FEEL IT SHOULD BE CHANGED IS: so I don't have to sue Him and Hansen

---

Inmate Name: WILLIAMS KENT GLEN                     Date: 01/08/2016

Received By Staff Member: FARWELL          ADA: SO5425    Date: 01/08/2016      Time: 2:22 pm

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* **Received** \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>The response from the staff member being grieved:</u>
THE RESPONSE FROM THE STAFF MEMBER BEING GRIEVED: Mr. Williams it is against our rules to be disrespectful towards staff and other inmates in any form of communication. We will address any concern or grievance you have, however, you are required to write and/or speak respectfully while expressing your concern. Referring to staff as "mentally handicapped" and "moron who wrote the handbook" is grounds for being written up for disrespect to staff. With all discipline reports you are entitled to a review, at the time of your review you can articulate your beliefs on why you feel it was not a disrespectful statement.

---

Answered By Staff Member: CULBERTSON          ADA: SO4746    Date: 01/08/2016      Time: 3:11 pm
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* **Response** \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

☐ I accept the Response                      ☑ I Request an Appeal

Answered By Staff Member: FARWELL          ADA: SO5425    Date: 01/08/2016      Time: 3:41 pm
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* **Inmate Review** \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Your grievance has been reviewed and I find:</u>
APPEAL RESPONSE:
Mr. Williams,
Corporal Culbertson's response is correct. The Ada County Jail doesn't not accept disrespectful IRF's or Grievances.

---

Answered By Staff Member: IVIE                     ADA: SO4736    Date: 01/09/2016      Time: 2:22 pm
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* **Supervisor Review** \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



# Ada County Sheriff's Office
## Ada County Jail
## Inmate Grievance Report



Inmate: WILLIAMS KENT GLEN

Grievance Stage: Administration

Date: 01/08/2016  Grievance ID: 8822  Location: ADA JAIL/MSU HOUSING/

Grievance Type: Jail      Grievance Desc: Staff